IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BERNARD L. SMITH,**<br><br>　　**Plaintiff,**<br><br>　　v.<br><br>**TEVA PHARMACEUTICALS USA, INC., et al.,**<br><br>　　**Defendants.** | Case No. 16-2826-JAR-GLR |

## ORDER TO SHOW CAUSE

In his Petition, filed in the District Court of Labette County, Kansas, pro se plaintiff Bernard L. Smith alleges damage claims for personal injury to himself, allegedly arising from the product liability of the four defendants, Teva Pharmaceuticals USA, Inc. (herein Teva), Dr. Reddy's Laboratories, Inc., Zydus Pharmaceuticals (USA) Inc., and Diamond Pharmacy Services.[1] Plaintiff alleges that the prescription drug Risperdal caused him to develop gynecomastia and galactorrhea. Defendant Teva removed the case to this Court on December 21, 2016. Plaintiff has filed several motions (*See* ECF 18, 19, 20, 21, 22, 23, 27, 28, 29, and 31), and Defendant Zydus has filed one, a motion to dismiss (ECF 13). The matter before the Court is on Plaintiff's Motions for Leave to Proceed In Forma Pauperis (ECF 22, 28, 31).

Plaintiff has moved to proceed in forma pauperis ("IFP") under 28 U.S.C. § 1915(a) and has supplied the requisite financial affidavit pursuant to § 1915(a)(2).[2] The Court grants

---

[1] Defendant Diamond Pharmacy Services is not yet before the Court, because it has neither been served with summons nor otherwise entered any appearance. The reasons set forth herein for dismissal, however, apply to it, as well as to the other defendants.

[2] The Court notes that Plaintiff's request is atypical in that it does not accompany a complaint (and thus seeks to avoid the filing fee); rather, Plaintiff moves for IFP status after a defendant removed the case here, requiring *defendant* to pay the filing fee. But this does not matter because § 1915(a) states this Court "may authorize the

Plaintiff's motion. But, for the following reasons, the claims in the Petition appear to be frivolous and should be dismissed pursuant to § 1915(e)(2).

Plaintiff alleges a claim for personal injury —that he developed gynecomastia and galactorrhea as a result of taking the prescription drug Risperdal.[3] The applicable statute of limitations in this case is two years.[4] Kansas courts have consistently held that "the critical information to trigger the running of the statute of limitations is knowledge of the fact of injury, not the extent of injury."[5] Plaintiff mistakenly argues that the statute of limitations does not apply, because he is suffering a "continuous injury." The Court must determine when Plaintiff gained knowledge of his injury.

His petition alleges that Plaintiff discontinued Risperdal on February 10, 2014 "because of an extreme weight gain and gynecomastia." (ECF 1-1 at 2, ¶¶ 9 & 10)  Thus, viewed in the light most favorable to Plaintiff, he admits he knew Risperdal caused gynecomastia on February 10, 2014.  Under § 60-513(a)(4), Plaintiff must file his suit within two years, i.e. February 10, 2016.  Plaintiff filed this case in state court on November 20, 2016—nine months after the statute of limitations expired.  Plaintiff's claims against all Defendants in this case are therefore time-barred under § 60-513(a)(4).

---

commencement, prosecution or *defense* of any suit, action or proceeding, civil or criminal. . . ." Thus, the Court may consider Plaintiff's motion for leave to proceed IFP.

[3] Plaintiff references only "Risperdal" in his Complaint (ECF 1-1).  But in some of Plaintiff's other filings (*See, e.g.*, ECF 15, 16 & 18), Plaintiff references "Risperdone" as well as "Risperdal."  Risperdal is the brand-name version of the drug, whereas Risperdone is the generic version.

[4] K.S.A. § 60-513(a)(4) (requiring an action "for injury to the rights of another, not arising on contract, and not herein enumerated" to be brought within two years); *see also Cowan by Cowan v. Lederle Labs., a Div. of Am. Cyanamid Co.*, 604 F. Supp. 438, 441 (D. Kan. 1985) ("where death, personal injury or property damage is alleged the applicable statute of limitations in Kansas would be the two-year tort statute of limitations at K.S.A. 60–513.") (quoting *Grey v. Bradford-White Corp.*, 581 F. Supp. 725, 728 (D. Kan. 1984)) (internal quotations omitted).

[5] *Med James, Inc. v. Barnes*, 31 Kan. App. 2d 89, 99, 61 P.3d 86, 93 (2003); *see also Brueck v. Krings,* 230 Kan. 466, 638 P.2d 904 (1982); *Friends Univ. v. W.R. Grace & Co.,* 227 Kan. 559, 608 P.2d 936 (1980); *Roe v. Diefendorf,* 236 Kan. 218, 689 P.2d 855 (1984).

Even if the claims were not time-barred by § 60-513(a)(4), the Court should nevertheless dismiss them by virtue of 28 U.S.C. § 1915(e)(2)(B)(i) and (ii). Before explaining why this is so, the Court must give some necessary context. In April 2015, Plaintiff filed suit in state court against prescription drug manufacturers Janssen Pharmaceuticals, Inc., Johnson & Johnson Company, and Janssen Research & Development, LLC. He alleged Risperdal caused him to develop gynecomastia and galactorrhea. That case was removed here on May 22, 2015, and was assigned to Judge Murguia as Case No. 15-9085.[6] Case 15-9085 proceeded normally, with the defendants' motion for summary judgment becoming ripe for decision on October 17, 2016. On January 5, 2017, the Court became aware of the connection between this case and 15-9085 after Plaintiff filed motions to consolidate the two cases. On February 27, 2017, Judge Robinson granted summary judgment in favor of Defendants and found Plaintiff's motion to consolidate to be moot. (ECF 93 in Case No. 15-9085.) She found Plaintiff had failed to establish necessary elements for a claim under the Kansas Product Liability Act, K.S.A. §§ 60–3301 et seq. Specifically, Plaintiff had established neither that he had suffered an injury nor that a nexus existed between his symptoms and the ingestion of Risperdal.

Although case 15-9085 involved Risperdal and this one involves the generic version, Risperdone, the findings of fact regarding Plaintiff's lack of injury and/or a nexus between his symptoms and the ingestion of the drug (generic or otherwise) are unlikely to change. Plaintiff's actions in both cases plainly indicate he views the defendants as interchangeable and would prove his claims against either set of defendants with the same evidence.[7] The doctors' reports

---

[6] Judge Murguia recused on February 23, 2017, at which point the case was reassigned to Judge Robinson.

[7] Plaintiff's actions include: (1) filing the instant case in state court *after* the motion for summary judgment in 15-9085 was fully-briefed; (2) attempting to consolidate his cases into one case; and (3) submitting the same evidence in this case—indeed, some documents even contain the CM/ECF header from Case No. 15-9085 (*See* ECF 18-1 at 1-8).

3

that Plaintiff relied upon in 15-9085 will not change. Third, it is unlikely Plaintiff has some (new) evidence that would prove his claims against the manufacturers of the generic version of Risperdal that he simply forgot to submit against the brand-name manufacturers in 15-9085. For these reasons, even if Plaintiff's claims were not time-barred, his claims should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and (ii).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (ECF 31) is granted; Plaintiff's other motions to proceed in forma pauperis (ECF 22, 28) are moot.

**IT IS FURTHER ORDERED** that, on or before April 6, 2017, Plaintiff shall show good cause, in writing, as to why this case should not be dismissed for frivolity or for failure to state a claim for the reasons stated above.

Dated March 20, 2017, at Kansas City, Kansas.

*S/ Gerald L. Rushfelt*
Gerald L. Rushfelt
U.S. Magistrate Judge

4