### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BERNARD L. SMITH,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 16-2826-JAR-GLR |
| ) | |
| **TEVA PHARMACEUTICALS USA, INC.,** ) | |
| et al., ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

### MEMORANDUM AND ORDER OF DISMISSAL

Plaintiff Bernard Smith proceeds *pro se* and *in forma pauperis* in this action alleging damage claims for personal injury to himself, allegedly arising from the product liability of the four defendants, Teva Pharaceuticals USA, Inc. ("Teva"), Dr. Reddy's Laboratories, Inc., Zydus Pharmaceuticals (USA) Inc., and Diamond Pharmacy Services. Plaintiff alleges the prescription drug Risperdal caused him to develop gynecomastia and galactorrhea. Defendant Teva removed this case to this Court on December 21, 2016.

On March 20, 2017, Magistrate Judge Gerald L. Rushfelt ordered Plaintiff to show cause in writing why this case should not be dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2) (Doc. 34). Plaintiff filed a timely response on April 3, 2017 (Doc. 36). The Court has reviewed Plaintiff's response and determines that the case should be dismissed for failure to state a claim as set forth in detail in Judge Rushfelt's Order to Show Cause.

By the terms of § 1915(e)(2)(B)(ii), Plaintiff's complaint must be reviewed and, if found to be frivolous or malicious, to not state a claim on which relief may be granted, or to seek

monetary relief against a defendant who is immune, then the court must dismiss the case. It is well-established that:

> Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. In determining whether dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inference that might be drawn from them, in the light most favorable to the plaintiff. In addition, we must construe a pro se applicant's complaint liberally.[1]

The Court has reviewed Plaintiff's response to the Order to Show Cause and finds nothing that changes Judge Rushfelt's well-reasoned findings. As the Order to Show Cause explained, the applicable statute of limitations in this case is two years.[2] Plaintiff continues to mistakenly argue the statute of limitations does not apply because he is suffering a "continuous injury."[3] Viewed in the light most favorable to Plaintiff, he gained knowledge of his injury more than two years before filing this lawsuit. Thus, his claims against all Defendants in this case are time barred and must be dismissed. Furthermore, as detailed in the Order to Show Cause, even if not time barred, Plaintiff has failed to establish that he suffered an injury or that a nexus existed between his symptoms and the ingestion of Risperdal or the generic version, Risperdone.

**IT IS THEREFORE ORDERED BY THE COURT** that this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

**IT IS SO ORDERED.**

---

[1] *Gaines v. Stenseng,* 292 F.3d 1222, 1224 (10th Cir. 2002) (internal quotation marks and citations omitted).

[2] K.S.A. § 60-513(a)(4)

[3] Doc. 36 at 2.

Dated: <u>April 7, 2017</u>

                                                <u>S/ Julie A. Robinson</u>
                                                JULIE A. ROBINSON
                                                UNITED STATES DISTRICT JUDGE